PER CURIAM.
We find no error in the conclusion below that the defendants Cruise Ship Catering and Service International N.V. and Costa Crociere did not waive their now-admittedly valid insufficiency of process claims, see Fla.R.Civ.P. 1.140(h)(1), and therefore affirm the judgment entered in their behalf below.
However, the summary judgment for Cruise Ship Catering and Service' Caribbean N.V. is reversed for trial because the record raises a genuine issue as to whether that corporation was the plaintiffs employer at the pertinent times and was therefore subject to his claims under the Jones Act and other aspects of the maritime law. See Matute v. Lloyd Bermuda Lines, Ltd., 931 F.2d 231 (3d Cir.1991), cert. denied, 502 U.S. 919, 112 S.Ct. 329, 116 L.Ed.2d 270 (1991); Volyrakis v. M/V Isabelle, 668 F.2d 863 (5th Cir.1982); Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Affirmed in part, reversed in part.